IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )     2:05-cr-00151-MHT-CSC |
| | ) |
| MARY WAGES BOBO, et. al. | ) |

## MOTION OF DEFENDANT MARY WAGES BOBO FOR SEVERANCE

COMES NOW the defendant, Mary Wages Bobo, by and through counsel, and respectfully moves pursuant to Rule14, Fed.R. Crim P., for severance of her case from that of the Codefendants, Charles David Bobo and Jessica Singleton.

### Statement of Relevant Facts

In 2003, Mary Bobo and Charles Bobo owned and operated Horn Hill Grocery Store in Opp, Alabama. Jessica Singleton was employed at Horn Hill Grocery Store as a cashier. On April 10, 2003 Brenda Barnett, a paid informant who was wired with a recording device, came and purchased six (6) bottles and some individual packets of pseudoephedrine from Horn Hill Grocery Store. Mary Bobo was the cashier and sold that quantity to Brenda Barnett. The conversation between Ms. Barnett and Mrs. Bobo was limited to the price of the bottles and how much she could legally sell to Ms. Barnett.

On April 24, 2003, Brenda Barnett again came into Horn Hill Grocery Store to buy pseudoephedrine. However, this time Jessica Singleton was the only person working. Ms. Barnett and Ms. Singleton discussed the price and quantity of pseudoephedrine that Ms. Barnett would purchase. After purchasing fifty (50) bottles of pseudoephedrine from Jessica Singleton, Ms.

Barnett engaged in a conversation with Ms. Singleton regarding where Ms. Barnett could find someone to "cook" the pseudoephedrine into meth. Ms. Singleton told Ms. Barnett names and locations of people who could possibly cook up meth.

On May 1, 2005, Brenda Barnett again did a controlled purchase of pseudoephedrine at Horn Hill Grocery Store. Charles Bobo was working at the time of this sale. Mr. Bobo and Mrs. Barnett engaged in a dialog as to whether Ms. Barnett was working with the police and whether he could legally sell more than three bottles of pseudoephedrine to Ms. Barnett. Mr. Bobo sold Ms. Barnett 26 bottles and additional packets of pseudoephedrine.

## Discussion

Under Fed. R. Crim. P. 14(a), "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." When faced with whether severance is appropriate, the court must apply a two part test. The court must determine (1) whether the joinder of the defendants will prejudice the defendant and (2) if the joinder is prejudicial, whether severance is the appropriate remedy. *Zafro v. United States*, 506 U.S. 534 (1993).

Severance is required if "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id*. at 539. " Severance is mandated where compelling evidence that is not admissible against one or more of the co-defendants is to be introduced against another co-defendant.*" United States. v. Blankenship*, 382 F.3d 1110, 1123 (11th Cir. 2004).

2

While there is a presumption that the jury is able to listen and adhere to a limiting instruction when considering evidence that only pertains to one defendant, that presumption dissipates "where there is an overwhelming probability that the jury will be unable to follow the court's instructions and the evidence is devastating to the defense." *United States v. Jones*, 16 F.3d 487, 493 (2d Cir.1994).

Similarly, courts have determined that "if the evidence creates an unacceptably high inference of wrongdoing against another defendant, the district court should either exclude the evidence or sever the trials." *United States v. Briscoe,* 896 F.2d 1476, 1498 (7th Cir.1990). Consequently, the courts recognize the prejudicial effect of admitting the statements of one defendant where the defendants "were so inseparably connected that the jury could hardly have been expected to return a verdict of guilty against one and of not guilty as to the other." *Schaffer v. United States,* 221 F.2d 17, 19 (5th Cir.1955).

In the present case, Mrs. Bobo is charged with conspiracy to manufacture five (5) grams or more of methamphetamine and selling pseudoephedrine, knowing or believing that it would be used to manufacture methamphetamine. The evidence against Mrs. Bobo is derived from an undercover sell of ten bottles of pseudoephedrine to Brenda Barnett. Mrs. Bobo did not make any statements regarding the potential use or the illegality of the sell of the pseudoephedrine. (*See* Attachment A).

However, each of her co-defendants, one being her husband, made statements, from which the jury could infer their knowledge of the potential use and potential illegality of the sale of the pseudoephedrine. (*See* Attachment B and C). The government will offer each of the incriminating statements into evidence if all of the defendants are tried together. Mr. and Mrs. Bobo are so inseparably connected that a jury would infer his knowledge onto her by virtue of their marriage,

despite the lack of evidence to support such a conclusion, thereby denying Mrs. Bobo of her constitutional right to a fair trial.

Similarly, Jessica Singleton's statements, telling Ms. Barnett where she could find someone to manufacture methamphetamine , is particularly compelling and goes to her knowledge of the intended use of the pseudoephedrine that she sold to Brenda Barnett. However, there are no statements such as those attributable to Mrs. Bobo. It is likely that a jury would confer Ms. Singleton's knowledge of places to cook methamphetamine upon Mrs. Bobo, since Mrs. Bobo was her employer.

Because there is little to no evidence of Mrs. Bobo having any actual knowledge of the destination of the pseudoephedrine or the illegality of her sale of it, a jury like would unfairly conclude that Mrs. Bobo was guiltybased upon the statements that will be admitted against her co-defendants. This would deprive Mrs. Bobo of her constitutional right to a fair trial and warrants the severance of her case for the guilt and penalty phase.

WHEREFORE, for the premises stated, Mrs. Bobo respectfully request that this court grant her motion and sever her case from her two co-defendants for trial.

Respectfully submitted, this the 15th day of September, 2005.

/s/ Tiffany B. McCord
TIFFANY B. MCCORD (ASB-3669-F69M)
Law Office of Tiffany B. McCord
505 S. Perry Street
Montgomery, AL 36104
(334) 356-6529
(334) 263-4766

5

tmcdmc@netzero.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on September 15, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Ms. Tommie Brown Hardwick, Ms. Marion Chartoff, and the Federal Defender Program.

                <u>/s/ Tiffany B. McCord</u>
                TIFFANY B. MCCORD (ASB-3669-F69M)
                Law Office of Tiffany B. McCord
                505 S. Perry Street
                Montgomery, AL 36104
                (334) 356-6529
                (334) 263-4766
                tmcdmc@netzero.com