FILED
JAN - 4 2006
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CR. NO. 02:05cr00151-T |
| v. ) | |
| ) | |
| MARY WAGES BOBO, d/b/a ) | |
| HORN HILL GROCERY ) | |

**PLEA AGREEMENT**

DEFENSE COUNSEL:             TIFFANY B. MCCORD

ASSISTANT U.S. ATTORNEY:     TOMMIE BROWN HARDWICK

**COUNT AND STATUTE CHARGED:**
Count 1    21 U.S.C. § 841(f)(1), Wrongful Distribution or Possession of listed Chemical and 18 U.S.C. § 2, Aiding and Abetting

**COUNT PLEADING PURSUANT TO PLEA AGREEMENT:**
Count 1    21 U.S.C. § 841(f)(1), Wrongful Distribution or Possession of listed Chemical and 18 U.S.C. § 2, Aiding and Abetting

**PENALTIES BY COUNT - MAXIMUM PENALTY:**
Count 1
NMT  $250,000 Fine, or;
NMT  5 Years;
NMT  3Y Sup Rel;
$100  Assessment Fee;
VWPA

**ELEMENTS OF THE OFFENSE:**
Count 1    21 U.S.C. § 841(f)(1), Wrongful Distribution or Possession of listed Chemical, and 18 U.S.C. § 2, Aiding and Abetting

First:     While aiding and abetting another person, the defendant distributed a listed chemical in violation of 21 U.S.C. § 841;

Second:    That the defendant did so knowingly.

*************************************************************

Tommie Brown Hardwick, Assistant United States Attorney, and Tiffany B. McCord, attorney for the defendant, pursuant to the provisions of Rule 11(c)(1)(C), *Federal Rules of Criminal Procedure*, as Amended, have, with the authorization of the undersigned, heretofore entered into discussions with a view toward reaching a pretrial conclusion of the charges pending in the Information herein and a Plea Agreement has been reached by said parties in the following respects:

## GOVERNMENT'S PROVISIONS

1. Upon entering a plea of guilty by the defendant to the offenses charged in Count 1 of the Information, the attorney for the Government will do the following:

   a. The government agrees to dismiss the Indictment pending in this case.

   b. The government agrees that the defendant will be sentenced to not more than 5 year statutory maximum under 18 U.S.C. § 841(f)(1) after the United States Sentencing Guidelines ("guidelines") have been calculated by the United States Probation Officer and approved by the Court, and not less than 3 years based upon any Government's motion for downward departure under U.S.S.G. § 5K1.1 based upon substantial assistance to the United States.

   c. The Government agrees that should the defendant provide substantial assistance to the government and law enforcement, the government will file a motion for downward departure under the provisions of U.S.S.G. § 5K1.1 and Rule 35, <u>Federal Rules of Criminal Procedure</u>, based upon the defendant's substantial assistance to the United States in other cases, and for providing source information in the instant cases. The defendant understands that the downward departure motion(s) will not reduce her sentence below 3 years as agreed upon in this plea agreement in paragraph "b" above.

d. The government agrees that the defendant should receive a two level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). In addition, the government will file a motion for a one level reduction under U.S.S.G. § 3E1.1(b). However, the defendant will not receive any acceptance of responsibility if the defendant commits another federal, state or local offense after the dates of the present offense; violates any of the conditions outlined in the Commentary to §3E1.1, or in any way violates her term of release or supervision, if applicable.

e. The government agrees that there are no other motions for downward departure applicable in this case. If the defendant files a motion for downward departure, or should the Court in its discretion using the United States Sentencing Guidelines as advisory, sentence the defendant below 3 years, this plea agreement will become void.

2. The United States reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant conduct concerning the offense and the defendant's background.

## DEFENDANT'S PROVISIONS

3. The defendant agrees to the following:

a. To plead guilty to Count 1 of the Information.

b. The defendant agrees that there are no other motions for downward departure applicable in this case except as specified above in paragraph 1.c., under Government Provisions. If the defendant files a motion for downward departure, or should the Court in its discretion using the United States Sentencing Guidelines as advisory, sentence the defendant below 3 years, this plea agreement will become void. However, the defendant may withdraw the plea if the court rejects the terms of the plea agreement pursuant to Rule 11(c)(1)(C).

    c. It is understood that by signing this agreement, you agree to provide substantial assistance to law enforcement agents. "Substantial assistance" with law enforcement agents under this agreement is understood to include, but is not limited to, the following:

    (1) Debriefing by the Federal and State Law Enforcement officers.

    (2) Making consensually monitored telephone calls to, or otherwise contacting, persons known to be involved in violations of the law.

    (3) Introducing undercover law enforcement officers to persons you know to be involved in illegal activity.

    (4) Maintaining contact with the law enforcement agents with whom you are working. You shall work under the direct supervision of law enforcement agents. At no time are you authorized to take any actions without first obtaining the direct authorization of such agents. Any independent and unauthorized actions will be deemed a violation of this agreement.

    (5) Testifying truthfully against any such persons before any and all grand juries and at any and all hearings and trials.

    (6) You agree to make a good faith effort to assist law enforcement agencies in arranging and making undercover contacts with other persons you know to be involved in illegal activity.

    (7) You will cooperate fully and truthfully with the government in this investigation and in any other federal criminal investigation. You will respond, completely, fully and truthfully to all inquiries addressed to you by representatives of the government, and you will testify fully and truthfully at any and all reasonable times and places before grand juries and against any and all defendants at the trial of any and all cases arising from this investigation or any other such investigation.

    d. **<u>DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK</u>**

Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence on any other ground and waives the right to attack the sentence in any

4

post-conviction proceeding. Except, the defendant does not waive the right to appeal or post-conviction relief with respect to ineffective assistance of counsel and prosecutorial misconduct.

Further, the parties agree that nothing in this agreement shall affect the United States' right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals on any basis defendant's sentence pursuant to 18 U.S.C. § 3742(b), defendant is released from this waiver.

## FACTUAL BASIS

4. The defendant understands the nature of the charge to which the plea is offered involves proof as to the following: With respect to Count 1: Between April 10, 2003 and May 1, 2003, the defendant, while aiding and abetting other persons and doing business in Horn Hill Grocery store, sold a total of 155 bottles of pseudoephedrine to a cooperating individual in Covington County, Alabama. On April 10, 2003, 6 bottles and 5 sets of blister packs stapled together were sold at Horn Hill Grocery. Each blister pack contains six tablets and 6 blister packs stapled together equals one set or one bottle. Each tablet contains 60 milligrams of pseudoephedrine. On April 24, 2003, 300 blister packs were sold to the cooperating individual at Horn Hill Grocery. On May 1, 2003, 408 blister packs, and 26 bottles were sold to the cooperating individual at Horn Hill Grocery. Each bottle contained 36 tablets, and each tablet contained 60 milligrams of pseudoephedrine. The defendant knew or had reason to believe that the pseudoephedrine tablets were controlled chemicals that would be used to manufacture methamphetamine. The parties stipulate that pseudoephedrine is a Schedule II, Controlled Substance.

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

5. The defendant agrees to enter a guilty plea to Count 1 of the Information.

6. The defendant, before entering a plea of guilty to Count 1 of the Information, as provided for herein by said Plea Agreement, advises the Court that:

a. The discussions between the attorney for the Government and the attorney for the defendant toward reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

b. The defendant further understands that pursuant to Title 18, United States Code, Section 3013, said $100 assessment is to be paid by the defendant on the date of sentencing and that if a fine is imposed by the Court at sentencing, the defendant shall meet with a member of the Financial Litigation Section of the United States Attorney's Office on the day of sentencing and complete a written personal financial statement setting forth the defendant's assets and liabilities as of the date of the offense. The defendant will make an honest, good faith effort to pay the said fine as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's ability, knowledge, and belief.

c. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

d. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by

the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

e. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

f. The defendant further understands and advises the Court that the plea agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the Government and the attorney for the defendant, all conducted with the defendant's authorization, knowledge and consent.

g. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

h. The defendant further advises the Court that the defendant understands that after the entry of the guilty plea, the defendant may withdraw the plea if the Court rejects the plea agreement, pursuant to Rule 11(c)(1)(C). However, if the defendant withdraws the guilty plea, the government will prosecute the defendant on all charges alleged in the Information.

i. The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime charged in the Information herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant.

However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Information herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

      j. The Defendant is satisfied that defense counsel has been competent and effective in representing the defendant.

      7. The undersigned attorneys for the Government and for the defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11(c)(1)(C), *Federal Rules of Criminal Procedure*, as amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

8. The defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court. Although the Court must consider the Guidelines as contained in the presentence report, the Guidelines are no longer mandatory and binding on the sentencing court but are now advisory. Notwithstanding, the Probation Officer will consider defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. Considering the advisory nature of the Guidelines, the offense level or criminal history category, as calculated by the Probation Officer, may differ from that projected by defendant's counsel or the U.S. Attorney. In the event that the Court, relying on the Guidelines as advisory, decides to sentence the defendant within the statutory minimum and maximum, after considering 18 U.S.C. § 3553(a) and the Guidelines, and higher than the defendant anticipated, the defendant will have the right to withdraw the plea.

This 4th day of January, 2006.

Respectfully submitted,

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

Andrew O. Schiff
Deputy Chief, Criminal Section
Post Office Box 197
Montgomery, Alabama 36101
(334) 223-7280

Tommie Brown Hardwick, ASB4152 W86T
Assistant United States Attorney

I HAVE READ THE FOREGOING PLEA AGREEMENT, UNDERSTAND THE SAME, AND THE MATTER AND FACTS SET FORTH THEREIN ACCURATELY AND CORRECTLY STATE THE REPRESENTATIONS THAT HAVE BEEN MADE TO ME AND ACCURATELY SET FORTH THE CONDITIONS OF THE PLEA AGREEMENT THAT HAS BEEN REACHED.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, TIFFANY B. MCCORD.

*[Signature]*
MARY WAGES BOBO
Defendant

1/4/06
Date

*[Signature]*
TIFFANY B. MCCORD
Attorney for the Defendant